[Cite as *State v. Sandy*, 2016-Ohio-8381.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio                                        Court of Appeals No. E-16-025

    Appellee                                    Trial Court No. 2014-CR-219

v.

Bethany D. Sandy                          **DECISION AND JUDGMENT**

    Appellant                                   Decided:  December 23, 2016

* * * * *

Samuel A. J. Sidoti, for appellant.

* * * * *

**JENSEN, P.J.**

{¶ 1} This is an appeal filed pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).  Defendant-appellant, Bethany Sandy, appeals the March 16, 2016 judgment of the Erie County Court of Common Pleas, convicting her of aggravated burglary and sentencing her to ten years' imprisonment.  For the reasons that follow, we affirm the trial court's judgment.

## I. Background

{¶ 2} On May 28, 2014, defendant-appellant, Bethany Sandy, was indicted on charges of complicity to commit aggravated murder, complicity to commit aggravated burglary, complicity to commit aggravated robbery, complicity to commit aggravated arson, and complicity to commit tampering with evidence, for her role in the December 1, 2013 robbery and murder of George Martin in Sandusky, Ohio. On February 10, 2016, Sandy entered a plea of guilty to complicity to commit aggravated burglary, a violation of R.C. 2911.11(A)(1) and 2923.03(A)(2), a first-degree felony. The remaining charges were dismissed. Sandy was sentenced on March 15, 2016, to a prison term of ten years and five years' postrelease control. Her conviction and sentence were memorialized in a judgment entry journalized on March 16, 2016.

{¶ 3} Appellate counsel was appointed for Sandy, and a notice of appeal was timely filed. After reviewing the record, however, counsel determined the appeal to be wholly frivolous and requests permission to withdraw as counsel under *Anders*.

{¶ 4} *Anders* and *State v. Duncan,* 57 Ohio App.2d 93, 385 N.E.2d 323 (8th Dist.1978), set forth the procedure to be followed by appointed counsel who desires to withdraw for want of a meritorious, appealable issue. In *Anders,* the United States Supreme Court held that if counsel, after a conscientious examination of the case, determines it to be wholly frivolous, he should so advise the court and request permission to withdraw. *Anders* at 744. This request, however, must be accompanied by a brief identifying anything in the record that could arguably support the appeal. *Id.*

2.

Furthermore, counsel must furnish his client with a copy of the brief and request to withdraw from representation, and allow the client sufficient time to raise any matters that he chooses. *Id.*

{¶ 5} Once these requirements are satisfied, the appellate court must then conduct a full examination of the proceedings held below to determine if the appeal is indeed frivolous. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or it may proceed to a decision on the merits if state law so requires. *Id.*

{¶ 6} Here, counsel has identified two potential assignments of error:

Proposed Assignment of Error #1: Appellant's plea was unknowing and involuntary.

Proposed Assignment of Error # 2: The Trial Court's sentence was clearly and convincingly contrary to law.

## II. Law and Analysis

### A. First Proposed Assignment of Error

{¶ 7} Sandy's first proposed assignment of error suggests that her plea was not made knowingly and voluntarily. Counsel has concluded that the potential assignment of error is without merit because the record demonstrates that before accepting Sandy's plea, the trial court substantially complied with Crim.R. 11(C) in explaining and making sure that Sandy understood her non-constitutional rights, and it strictly complied with

3.

Crim.R. 11(C)(2)(c) in explaining and making sure that Sandy understood her constitutional rights.

{¶ 8} Crim.R. 11(C) provides, in pertinent part:

(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

**{¶ 9}** As we explained in *State v. Rinehart*, 6th Dist. Wood No. WD-11-030, 2013-Ohio-3372, ¶ 17-18:

> The underlying purpose of Crim.R. 11(C) is to insure that certain information is conveyed to the defendant which would allow him or her to make a voluntary and intelligent decision regarding whether to plead guilty. *State v. Ballard,* 66 Ohio St.2d 473, 479-480, 423 N.E.2d 115 (1981). With respect to constitutional rights, a trial court must strictly comply with the dictates of Crim.R. 11(C). *State v. Colbert,* 71 Ohio App.3d 734, 737, 595 N.E.2d 401 (11th Dist.1991). However, a trial court need not use the exact language found in that rule when informing a defendant of his constitutional rights. *Ballard, supra, paragraph two of the syllabus*. Rather, a trial court must explain those rights in a manner reasonably intelligible to the defendant. *Id.*

> For nonconstitutional rights, scrupulous adherence to Crim.R. 11(C) is not required; the trial court must substantially comply, provided no prejudicial effect occurs before a guilty plea is accepted. *State v. Stewart,* 51 Ohio St.2d 86, 364 N.E.2d 1163 (1977). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Nero,* 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).

**{¶ 10}** We have carefully reviewed the transcript from the plea hearing and we conclude that in accepting Sandy's plea, the trial court strictly complied with the constitutional aspects of Crim.R. 11(C) and substantially complied with the non-constitutional aspects of that rule in accepting appellant's guilty plea.

**{¶ 11}** We find Sandy's first proposed assignment of error not well-taken.

### B. Second Proposed Assignment of Error

**{¶ 12}** Sandy's second proposed assignment of error suggests that her sentence was clearly and convincingly contrary to law. Counsel has concluded that the potential assignment of error is without merit because the trial court considered all required statutory factors in imposing Sandy's sentence, properly imposed postrelease control, and fashioned a sentence that falls within the statutory range permitted for a first degree felony.

**{¶ 13}** We review felony sentences under R.C. 2953.08(G)(2). Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, or otherwise modify a sentence or may vacate the sentence and remand the matter to the sentencing court for resentencing if it clearly and convincingly finds either of the following:

> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

> (b) That the sentence is otherwise contrary to law.

6.

{¶ 14} Here, the statutes identified in R.C. 2953.08(G)(2)(a), are inapplicable.[1] Turning to R.C. 2953.08(G)(2)(b), the Supreme Court of Ohio in *State v. Kalish,* 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, provided guidance to reviewing courts in determining whether a sentence is contrary to law. *State v. Tammerine,* 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 15. In *Kalish,* the court determined that the sentence at issue was not contrary to law where the trial court considered the R.C. 2929.11 purposes and principles of sentencing, considered the R.C. 2929.12 seriousness and recidivism factors, properly applied postrelease control, and imposed a sentence within the statutory range. *Id.*

{¶ 15} Sandy's ten-year sentence falls within the range provided in R.C. 2929.14(A)(1), and the trial court properly applied postrelease control. The trial court also expressly considered the R.C. 2929.11 purposes and principles of sentencing and the R.C. 2929.12 seriousness and recidivism factors. The sentence was not, therefore, contrary to law.

{¶ 16} We find Sandy's second proposed assignment of error not well-taken.

### C. *Anders*

{¶ 17} In accordance with *Anders*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, appointed counsel has requested permission to withdraw from this case. He has provided a certification verifying that he made a conscientious review of the case, found the appeal to be wholly frivolous, filed a brief on Sandy's behalf identifying proposed assignments

---

[1] R.C. 2929.13(D) is inapplicable given that the court imposed a term of imprisonment.

7.

of error, and mailed the brief to Sandy along with a letter explaining to her that she has the right to file her own brief. Sandy has not filed a brief of her own.

{¶ 18} In addition, we have conducted our own independent review of the record and we find no other grounds for a meritorious appeal. Accordingly, this appeal is found to be without merit, and wholly frivolous. Counsel's motion to withdraw is found well-taken and is, hereby, granted.

### III. Conclusion

{¶ 19} The March 16, 2016 judgment of the Erie County Court of Common Pleas is affirmed. Sandy is ordered to pay the costs of this appeal pursuant to App.R. 24. The clerk is ordered to serve all parties with notice of this decision.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.                    _____
                                                                    JUDGE
Stephen A. Yarbrough, J.

James D. Jensen, P.J.                   _____
CONCUR.                                                        JUDGE

                                               _____
                                                                    JUDGE

8.